UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG L. MILLER,

          Plaintiff,

v.                                                     Case No. 18-cv-1126-pp

JUDY SMITH, ROBERT HUMPHREYS
and CAROL STRAKS,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

Craig L. Miller, a state prisoner representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court will deny the motion to proceed without prepaying the filing fee, and will give the plaintiff the opportunity to amend his complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was in custody when he filed his complaint. 47 U.S.C. §1997e. Under the PLRA, a prisoner may not proceed without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

1

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds—frivolous, malicious, or for failure to state a claim—both before and after the enactment of the PLRA. <u>Evans v Ill. Dept. of Corrs.</u> 150 F.3d 810, 811 (7th Cir. 1998) (citing <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that the plaintiff has accumulated at least three strikes, including: <u>Miller v. Fiedler</u>, 12-cv-648 (dismissed for failure to state a claim); <u>Miller v. Morgan</u>, 11-cv-309 (dismissed as frivolous); <u>Miller v. Dane Cty. District Attorney's Office, et al.</u>, 10-cv-677 (dismissed as frivolous); <u>Miller v. State of Wisconsin</u>, 10-cv-196 (dismissed for failure to state a claim); and <u>Miller v. Morgan, et al.</u>, 04-cv-1137 (dismissed as frivolous). Because the plaintiff has collected more than three strikes, the court cannot allow him to proceed without prepaying the filing fee unless he has shown that he "is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

To meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he files his complaint, and must show that the threat or prison condition causing the physical injury is real and proximate. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (citing <u>Lewis v. Sullivan</u>, 279 F.3d 526, 529 (7th Cir.

2002); Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. Id. Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Id. at 331 (citing Heimerman, 337 F.3d at 782).

Here, the plaintiff has asserted past harms and conclusory allegations of present prison conditions; he has not satisfied the imminent danger requirement. The plaintiff states that almost six years ago, while he was housed at Oshkosh Correctional Institution, he was sexually assaulted by defendant Carol Straks and that defendant Smith failed to provide him a safe prison environment (presumably he means safe from defendant Straks' actions). Dkt. No. 1 at 2-3. The plaintiff also asserts that at his current institution, Kettle Moraine Correctional Institution, defendant Warden Robert Humphreys has "created/permitted a hostile environment for plaintiff [and] defamed plaintiff's character, as retaliation for plaintiff's filing criminal charges." Id. at 3. The court will deny the plaintiff's request to proceed without prepaying the filing fee.

## II. Screening the Plaintiff's Complaint (Dkt. No. 1)

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which the court may grant relief, or that seek

3

monetary relief from a defendant who is immune from that relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The complaint alleges that between July 7, 2011 and July 25, 2012, defendant Carol Straks, a nurse working at Oshkosh, sexually assaulted the plaintiff on a daily basis. Dkt. No. 1 at 2. The plaintiff alleges that Straks "was

4

permitted free rein" both to assault him and to recruit other inmates to victimize him. Id. The plantiff says that Straks also gave him "narcotic pain pills," which caused him to become addicted to opiates and other medications. Id. The plaintiff also says that defendant Smith, who was the warden at Oshkosh, failed to provide for a safe prison environment, and denied him equal protection under the law. Id. at 2-3.

The plaintiff then alleges that Robert Humphreys, as the warden at Kettle Moraine, either created or allowed a hostile environment for him, and defamed his character, in retaliation for the fact that he filed "criminal charges" against "Department of Corrections co-worker." Id. at 3.

The plaintiff asks the court for injunctive relief and money damages. He also asks the court to appoint a lawyer to represent him. Id. at 4.

The Wisconsin Department of Corrections Inmate Locator Service shows that the defendant was in Oshkosh from January 6, 2010 to December 27, 2013. https://appsdoc.wi.gov. It shows that he went to Kettle Moraine on March 1, 2018, and has been there since. Id. For the five years in between, he was in various places—Green Bay Correctional, supervised living facilities, the Dane County Jail, and Dodge Correctional Institution. Id.

The plaintiff's claims against defendants Straks and Smith stem from things that happened while he was at Oshkosh between 2010 and 2013. His claim against defendant Humphreys arises from things that happened between March 1, 2018 and July 20, 2018 (the date he filed his complaint). The court

5

does not see any relationship between the plaintiff's allegations that staff at Oshkosh sexually assaulted him/failed to protect him/gave him drugs, and his allegations that the warden of Kettle Moraine[1] retaliated against him. Federal Rule of Civil Procedure 18(a) says that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607; Fed. R. Civ. P. 18(a). Joining multiple defendants in one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The plaintiff's complaint violates Rules 18 and 20, because it alleges unrelated claims against multiple defendants at two separate prisons during two different periods. He cannot proceed on these unrelated claims in the same case. He needs to pick either the Oshkosh claims or the Kettle Moraine claims to proceed on in this case, and then bring a separate complaint for the claim he does not select.

---

[1] The court notes that as of the date of this opinion—July 27, 2018—the Kettle Moraine web site shows Bill Pollard as the "interim warden." The court cannot determine whether Pollard became interim warden before or after the plaintiff filed his complaint on July 20, 2018.

The court will allow the plaintiff to file an amended complaint, either against the Oshkosh defendants or against the Kettle Moraine defendant, but not against both. As the plaintiff considers amending his complaint, the court points out a few other things. The current complaint explains what the plaintiff claims defendant Straks did to him (sexual assault) and when (July 2011-July 2012). He does not explain when Straks allegedly gave him pain medication, and he does not explain why he believes that this violated his civil rights. He claims that defendant Smith did not provide a safe prison environment and denied him equal protection, but does not explain what, exactly, Smith personally did to violate his rights. As to defendant Humphreys, the plaintiff provides no details at all—he does not say when Humphreys created a hostile environment, or how. He does not say who he filed criminal charges against (although the documents the plaintiff attached to the complaint show that he asked the District Attorney's office to bring charges against Straks), or whether Humphreys knew about those charges. Regardless of whether the plaintiff elects to proceed on the Oshkosh claims or the Kettle Moriane claims in his amended complaint, he must provide the court with more details about when the events he complaints of took place, and why he believes they violated his rights.

If the plaintiff wants to go forward with this lawsuit, he must use the court's complaint form (a copy is enclosed with this order). He must write the word "Amended" next to the word "Complaint" at the top of the first page. He

must put the case number of this case—18-cv-1126—in the space provided for the case number. If he decides to proceed against the Oshkosh defendants, he must list only the names of people at Oshkosh as defendants. If he decides to proceed on the Kettle Moraine claims, he must list only people at Kettle Moraine as defendants. The plaintiff must include, under the "Statement of Claim" section in the amended complaint, an explanation of what each defendant did to him, when they did it and why he believes those actions violated his civil rights.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must pay the filing fee of $400.00 (the $350.00 filing fee and the $50.00 administrative fee that applies to litigants not allowed to proceed without prepaying the fee) by the end of the day on **Friday, August 24, 2018**. If the court does not receive the full $400 fee by the end of the day on Friday, August 24, 2018, the court will dismiss the case on the next business day for failure to pay the filing fee.

The court **ORDERS** that if the plaintiff timely pays the filing fee, the plaintiff may file an amended complaint in time for the court to receive it by the end of the day on **Friday, September 7, 2018.** Even if the plaintiff timely pays the filing fee, if the court does not receive his amended complaint by the end of

the day on September 7, 2018, the court will dismiss the case under Civil Local Rule 41(c) for failure to diligently prosecute it.

The court will send a copy of this order to the warden at Kettle Moraine Correctional Institution.

The court **ORDERS** the plaintiff to mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently prosecute it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**