UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG LEE MILLER,

    Plaintiff,

v.                                        Case No. 18-cv-1126-pp

CAROL STRAKS,

    Defendant.

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 6)**

On July 20, 2018, plaintiff Craig Lee Miller, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that various defendants had violated his constitutional rights. Dkt. No. 1. The court screened his complaint on July 27, 2018 and allowed him to file an amended complaint that complied with Federal Rules of Civil Procedure 18(a) and 20. Dkt. No. 3. On July 30, 2018, the court received from the plaintiff a document entitled "Amendment to Statement of Claim;" the court assumes that the plaintiff meant for this to be a supplement to the original complaint because the plaintiff signed it on July 26, 2018. Dkt. No. 5. On August 6, 2018, the plaintiff filed an amended complaint, dkt. no. 6, which is now before the court for screening.

A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that between July 7, 2011, and July 25, 2012, defendant Carol Straks sexually assaulted him "on nearly a daily basis." Dkt. No. 6 at 2. The plaintiff asserts that "the sexual acts[] consisted of kissing[,] cuddling, engaging in oral sex, and sexual intercourse." Id. He alleges that at times he participated in the acts, either because he feared what would happen if he didn't or because the defendant would supply him with drugs, further enabling his drug dependency and his dependency on her. Id. at 2–3. The plaintiff contends that the defendant gave him pain pills or narcotics at least twice a month, either from her own "stash" or from the institution inventory. Id. at 3.

The plaintiff says that "these claims were investigated and charges were recommended by the officer"—he doesn't say what kind of "officer"

investigated—but he says that the assistant district attorneys declined to prosecute. Id. The plaintiff attached to the amended complaint a copy of an April 14, 2016 incident report from the Winnebago County Sheriff's Office, dkt. No. 6-1 at 1-2, as well as a letter to the plaintiff from Attorney Eric Sparr at the Winnebago County District Attorney's Office, dkt. no. 6-1 at 3. The letter from Attorney Sparr explains that while the DA's office would not be issuing charges, he had reviewed the police reports and spoken with the detective and with a captain at the prison, and had concluded that "this probably happened approximately as [the plaintiff] described." Dkt. No. 6-1 at 3. Sparr explained that he did not believe he could prove the case to a jury beyond a reasonable doubt, because some of the evidence would not be admissible at trial and there were issues regarding the timing of the referral. Id. Sparr nonetheless offered to help the plaintiff get information on how to file a civil lawsuit and provided the plaintiff with the police reports. Id.

For relief, the plaintiff asks the court to issue an order directing the Wisconsin Department of Corrections ("DOC") "and its agents," to prohibit "any retaliatory action against [him] relative to [his] victimization by defendant Carol Straks" and ordering the DOC to "rectify" its decision not to prosecute the defendant. Id. at 4. The plaintiff also seeks compensatory and punitive damages and appointment of counsel. Id.

C. Analysis

The plaintiff's allegations amount to an Eighth Amendment conditions-of-confinement claim. Prisons "must provide inmates with 'the minimal civilized measure of life's necessities." Hardeman v. Curran, 933 F.3d 816, 820 (7th Cir. 2019) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A prison official who deprives an inmate of "humane conditions of confinement" violates the Eighth Amendment. Daugherty v. Page, 906 F.3d 606, 611 (7th Cir. 2018) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1984)).

An Eighth Amendment claim consists of both objective and subjective components. Id. "First, the deprivation alleged must be objectively, sufficiently serious. Second, the mental state of the prison official must have been one of deliberate indifference to inmate health and safety." Id. (quoting Haywood v. Hathaway, 842 F.3d 1026, 1031 (7th Cir. 2016) (per curiam). To satisfy the subjective element, the plaintiff must allege that the prison official acted with the requisite intent, that is, that she had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. The plaintiff must show that the official was aware that the inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004) (quoting Farmer, 511 U.S. at 847).

The plaintiff alleges that the defendant sexually assaulted him continuously over an extended period and that she coerced his participation in those assaults by preying on his drug dependency. Being sexually assaulted is

objectively a serious deprivation of humane conditions of confinement. "A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply 'offensive to human dignity.'" Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (quoting Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991)). The court finds that the plaintiff has satisfied the objective element of his conditions-of-confinement claim.

The plaintiff's allegations that the defendant consistently sexually assaulted him over more than a year also meet the subjective element. As a prison staff member, the defendant could not help but know that sexually assaulting an inmate (repeatedly) and feeding an inmate illegal drugs was inhumane. The plaintiff may proceed on an Eighth Amendment conditions-of-confinement claim against the defendant.

The plaintiff did not name the Department of Corrections as a defendant in the lawsuit, but in his prayer for relief, he asked the court to issue an order enjoining the DOC "and its agents" from retaliating against him. The Department of Corrections is not a suable entity under §1983, even if the plaintiff had named it as a defendant. White v. Wis. Dep't of Corr., Case No. 19-c-1515, 2019 WL 6840707, at * 1 (E.D. Wis. Dec. 16, 2019) (citing Castillo v. Cook Cty. Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993); Dobbey v. Ill. Dep't of Corrs., 574 F.3d 443, 444 (7th Cir. 2009)). And even if the plaintiff could sue the DOC under §1983, he can't sue for something that hasn't happened yet. He asks the court to enjoin the DOC and its agents from

retaliating against him, but does not allege that they have retaliated against him. If anyone retaliates against the plaintiff, he may file a separate lawsuit bringing that claim against the offending party.

The plaintiff also asks the court to order the DOC to "rectify their self serving decisions." It's not clear what "self serving decisions" the plaintiff believes the DOC made. If he is talking about the district attorney's refusal to prosecute the defendant, he has sued the wrong entity. The district attorney does not work for the DOC. And if the plaintiff had sued the DA's office, he would not have been able to state a claim; he does not have a constitutional right to the prosecution of another person. See Wright v. Runyan, 774 F. App'x 311, 312 (7th Cir. 2019) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). This court has no authority to overturn a charging decision of the district attorney. See Benedict v. Eau Claire Area Sch. Dist., No. 08-CV-667-SLC, 2009 WL 440911, at *1 (W.D. Wis. Feb. 23, 2009) (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979)) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

D. Request for Counsel

The plaintiff also asked the court to appoint a lawyer to represent him. A court has discretion in a civil case to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d

864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising this discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish et al., 923 F.3d 486, 490 (7th Cir. 2019), (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). To demonstrate that he made such an effort, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The plaintiff has not showed the court that he has tried to find counsel on his own.

Even if he had made that showing, the court would not appoint counsel for him just yet. Even if a plaintiff has tried to find a lawyer on his own, the court also must "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel."

8

Pennewell, 923 F.3d at 490. A court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

It is too early in the case to tell whether the plaintiff can represent himself. He has done a good job in his amended complaint of explaining what the defendant did to him. Now, the court will require the defendant to respond to the allegations in the complaint. The way the defendant responds will dictate what happens next in the case. If the defendant files an "answer," the next step in the case will be for the court to set deadlines for the parties to collect "discovery" from each other. If the defendant responds in some other way, the plaintiff may need to file another legal document with the court. The court will deny the plaintiff's request for counsel right now, but he can renew that request if things get more complicated as the case goes on.

E.  Conclusion

The court **ORDERS** that the plaintiff may proceed on an Eighth Amendment conditions-of-confinement claim against defendant Carol Straks.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order will be electronically transmitted to the Wisconsin Department of Justice for service on defendant Carol Straks. Under the informal service agreement, the court **ORDERS** defendant Straks to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 7th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**